Archibald C. Wemple, J.
The defendant herein received a sentence by Police Court Judge Louis J. Rinaldi on January 21, 1959 and was fined $100 or 30 days and an additional 15 days in the Schenectady County jail. In his appeal the defendant *324 contends that the evidence does not sustain the verdict; that the sentence was excessive, and that there were prejudicial errors which arose during the trial.
On the argument and on the trial, the defendant’s counsel conceded that the defendant was intoxicated at the time and place of the incident in question. The basic issue resolves itself into a question of whether or not the defendant, while intoxicated, was the person operating his automobile at the time and place set forth in the information.
It appears that the defendant’s car struck a car owned and operated by one Spuzy and, after striking a curb and blowing a tire, came to a stop. There was a conflict of testimony in the record as to who emerged from the defendant’s car first, whether it was the defendant or one or the other of the passengers in the defendant’s car. There was a differing version by the witnesses as to whether the one who first emerged from the defendant’s car was the operator of it and whether such person was the defendant.
The People’s witnesses did identify the operator as the defendant. They described him as wearing a “ white shirt” on a cold winter evening. This in itself was an unusual but definite means of identification of the defendant. One of the People’s witnesses, one Carl Elmendorf, who was disinterested, positively identified the defendant as the operator of the car. He was also designated as the operator by the People’s witness Spuzy and so the matter of identification of the defendant seems clear. The identification of the defendant as the operator is strengthened by the admission of the defendant to Officer Turner.
This court feels that the People have produced evidence to support the conviction of the defendant beyond a reasonable doubt and that, therefore, the conviction herein should be affirmed.
The defendant also argues, on this appeal, that the sentence herein was excessive in that sentences in cases where defendants pled guilty have been less severe. It was incumbent upon the Presiding Judge to pass judgment and his decision will not be disturbed where it appears the sentence was reasonable and within legally prescribed limits.
The defendant also contends that it was error for the trial court to permit Dr. Janssen to testify that usually tests were given to drivers of motor vehicles and that by this line of questioning it was inferred that the defendant was operating the car before the test in question was made. This contention is not well founded.
*325 The defendant also raises the question as to the situation wherein it was found during the trial that one of the jurors, Otto Meier, was a friend of one of the witnesses (Elmendorf), and since Elmendorf’s testimony was one of the crucial factors in the conviction of the defendant, that this was a development which inured to the prejudice of the defendant. There is nothing improper in the acquaintanceship between juror and witness. Nothing occurred which prevented the defendant from receiving a fair trial.
This court finds that the scope of the proof of the People was sufficient to prove the guilt of the defendant beyond a reasonable doubt. Identification of the defendant as the operator was a factual matter found against him by the jury. The other contentions as to excessiveness of sentence, errors on the trial and objection to certain testimony were not sustained by a review of the testimony and law herein.
The judgment of conviction is affirmed.
Enter order accordingly.